**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN FISHER; PENNY FISHER, | No. 09-15602 |
| Plaintiffs - Appellants, | D.C. No. 4:07-cv-00614-CKJ |
| v. | |
| AETNA LIFE INSURANCE COMPANY, a Connecticut Corporation, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted February 12, 2010
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and ZILLY, [**] Senior District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

Appellants Calvin and Penny Fisher ("the Fishers") filed a claim for benefits under their deceased son Jeffery's life and accidental death insurance policy. Appellee Aetna Life Insurance Co. ("Aetna") initially denied their claim on the basis that Jeffery did not become eligible for benefits until the day after his death. The Fishers appealed to the district court, and once it was determined that Aetna had applied an outdated 1999 eligibility provision, the district court remanded to the plan administrator for a coverage determination. The Fishers appealed the district court's remand order to this court, which dismissed their appeal for lack of jurisdiction. On remand, Aetna denied accidental death benefits because Jeffery was intoxicated while operating a motor vehicle at the time of his death. The Fishers again appealed to the district court, which affirmed. The Fishers again appealed to this court. This court now has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Once the district court determined that Aetna had applied an outdated 1999 eligibility provision, it properly remanded to the plan administrator to determine coverage. Aetna had never investigated or determined whether Jeffery's death was actually covered by the policy, and it would be improper for the district court to decide this issue in the first instance. *Saffle v. Sierra Pac. Power Co.*, 85 F.3d 455, 461 (9th Cir. 1996). Although the magistrate's recommendation references an accident and autopsy report outside the administrative record, these documents

were not determinative of the remand order. Once the district court determined that Aetna had applied the wrong policy to the Fishers' claim, remand became the proper remedy.

The district court properly held that the Fishers were judicially estopped from arguing that the 2002 policy, which included an intoxication exclusion, did not apply. The Fishers claimed $580,000 in life and accidental death insurance, an amount that was only available under the 2002 policy. When it was discovered that Aetna improperly applied the 1999 policy's eligibility provision—which would have denied the Fishers all benefits—the Fishers accepted $80,000 in automatic life insurance under the 2002 plan. After being denied further benefits under the 2002 plan's intoxication exclusion, the Fisher's now claim that the 1999 policy applies to the extent that it does not contain an intoxication exclusion. The Fishers' current position is entirely inconsistent with their initial position and, if accepted, would yield an unfair advantage. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Because the Fishers are judicially estopped from arguing that the 2002 policy's intoxication exclusion does not apply, we need not address Aetna's additional arguments on appeal.

**AFFIRMED.**